This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-37865**

**BLANCA ANDRADE PIZANO,**

Plaintiff-Appellant,

v.

**ERNIE D. VELARDE and
CATHY VALENCIA VELARDE,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY
Jason Lidyard, District Judge**

Blanca Andrade Pizano
Española, NM

Pro Se Appellee

Ernie Velarde
Cathy Valencia Velarde
Santa Fe, NM

Pro Se Appellees

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Plaintiff, who is self-represented, appeals from a district court order dismissing her continued efforts to avoid execution of an order of eviction from a rental property. We issued a calendar notice proposing to affirm. Plaintiff has responded with a memorandum in opposition. Not persuaded, we affirm the district court.

**{2}** Plaintiff originated this district court litigation with a complaint for "harassment and money." The dispute involved a 2017 rental agreement, which called for Plaintiff to

make monthly rental payments to Defendants, and if timely payments were made from March 2017 to February 2018, Defendants would be required to enter into a new real estate contract that also recognized some equity that Plaintiff had accumulated under a prior contract.  [RP 28] On August 10, 2018, the district court issued an order dismissing Plaintiff's complaint and ordering her to vacate the property. [RP 81] The district court determined that Plaintiff had breached the 2017 agreement by failing to make a number of timely rent payments during the March 2017 to February 2018 period. [RP 81-82]

**{3}**     On September 5, 2018, Defendant filed a timely notice of appeal from the August 10 order. [RP 84] However, on September 10, 2018, Plaintiff filed a timely motion that effectively asked the district court to reconsider its order. [RP 84] This motion rendered the September 5 order non-final for purposes of appeal. See Rule 12-201(D)(1) NMRA (stating that timely post-judgment motion extends the time to file appeal until the motion is expressly denied). On November 26, 2018, the district court denied Plaintiff's post-judgment motion and issued a writ of restitution that ordered Plaintiff's removal from the property. [RP 113-15] Although Plaintiff filed a second notice of appeal [RP 120], it was unnecessary because the original notice of appeal became timely on the day that the motion to reconsider was denied. See Rule 12-201(D)(1). We note that the district court issued an order on December 13, 2018, dismissing Plaintiff's second notice of appeal. [RP 134] We point out that the district court had no authority to dismiss this appeal, and we therefore ignore this order.

**{4}**     With respect to the district court's ruling on the merits, "we review the evidence in the light most favorable to support the trial court's findings, resolving all conflicts and indulging all permissible inferences in favor of the decision below." *Jones v. Schoellkopf*, 2005-NMCA-124, ¶ 8, 138 N.M. 477, 122 P.3d 844. "To the extent that [the p]laintiff contends that there are errors of law in the trial court's conclusions or in those findings that function as conclusions, we apply a de novo standard of review. When the facts are not in dispute, but the parties disagree on the legal conclusion to be drawn from those facts, we review the issues de novo." *Id.* (citation omitted).

**{5}**     Here, Plaintiff is continuing to argue that it was unfair to deny her the opportunity to continue to make payments on the property, or to at least be reimbursed for rental payments made during the course of the agreement. However, any potential use of the prior rental payments towards equity in the property was contingent on the timely payment of the monthly rent. In other words, if she breached the agreement, these payments would be treated as rent payments, and not as down payment towards any purchase in the property. The district court determined that the evidence of non-payment was "uncontroverted." [RP 81] Therefore, under the plain terms of the 2017 agreement, Defendants were entitled to terminate the lease and have Plaintiff vacate the property. To the extent that Defendants waived some of the late payments during the period in question, this did not trigger their obligation to enter into a new purchase agreement. *See CC Hous. Corp. v. Ryder Truck Rental, Inc.*, 1987-NMSC-117, ¶ 6, 106 N.M. 577, 746 P.2d 1109 ("When discerning the purpose, meaning, and intent of the parties to a contract, the court's duty is confined to interpreting the contract that the parties made for themselves, and absent any ambiguity, the court may not alter or

fabricate a new agreement for the parties."). Finally, the district court, sitting as fact-finder, was free to reject Plaintiff's version of events with respect to waiver. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

**{6}** Based on the foregoing, we affirm.

**{7}** **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**BRIANA H. ZAMORA, Judge**

**ZACHARY A. IVES, Judge**